UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

HENRY JOSEPH WILLIAMS,

                               Petitioner,                  20-CR-6121-FPG
                                                                                21-CV-6635-FPG

v.

                                                                                 DECISION AND ORDER

UNITED STATES OF AMERICA,

                               Respondent.
─────────────────────────────────────

## INTRODUCTION

On February 9, 2021, the Court entered judgment against Petitioner Henry Joseph Williams, who had pleaded guilty to one count of wire fraud pursuant to a plea agreement. *See* ECF Nos. 20, 21, 40. In October 2021, Petitioner filed a motion to vacate his conviction under 28 U.S.C. § 2255. ECF No. 57. The government opposes the motion. ECF No. 63. For the reasons stated herein, Petitioner's motion is DENIED.

## BACKGROUND

The plea agreement sets forth the factual basis for Petitioner's conviction. Petitioner was employed at a Holiday Inn in Rochester, "where he worked at the front desk and processed customer payments." ECF No. 20 at 3. Beginning in February 2020, Petitioner engaged in unauthorized transactions "whereby he loaded hotel monies onto his personal debit card and used stolen credit card information belonging to others to make purchases." *Id.* As part of the scheme, Petitioner would execute "refund" transactions—purportedly for hotel customers—that in reality would be loaded onto his own cards. He also "falsely portrayed himself [to the credit card processing company] as several different hotel employees" in an attempt to complete several fraudulent "refund" transactions. *Id.* In total, Petitioner attempted to execute transactions valued at over $840,000, though he only succeeded in obtaining $5,649.98. *See id.* at 3, 8; *see also* ECF

1

No. 23 at 10.  A criminal complaint was filed against Petitioner in May 2020.  ECF No. 1.  On September 10, 2020, Petitioner pleaded guilty to a one-count information for wire fraud, pursuant to a plea agreement.  ECF Nos. 19, 20, 21.  As part of the plea agreement, Petitioner received credit for his acceptance of responsibility.  ECF No. 20 at 5; ECF No. 60 at 13, 22.  The Court sentenced Petitioner to a term of imprisonment of 55 months.  ECF Nos. 39, 40.  Petitioner did not file a notice of appeal.

On October 12, 2021, Petitioner filed a motion to vacate.  ECF No. 57.  In his motion, Petitioner claims that he is innocent and that, in fact, it was a supervisor who engaged in the fraudulent transactions.  ECF No. 57 at 4-5.  Petitioner alleges there is evidence to corroborate this: the supervisor allegedly made a statement to the New York State Division of Human Rights that he had "use[d] [Petitioner's] computer login at the hotel." *Id.* at 4.  Petitioner states that he gave a copy of this statement to his defense counsel, Jason E. Abbott, but Attorney Abbott refused to forward it to the government, allegedly on the incorrect basis that the statement "was hearsay." *Id.*  Petitioner posits that Attorney Abbott's action "horribly damaged [his] case." *Id.* at 5. Petitioner also claims that Attorney Abbott "told [him] to admit to trying to steal $843,000," despite Petitioner's protestations that "[he] did not do it." *Id.*

## DISCUSSION

Reading the motion liberally, Petitioner argues that Attorney Abbott provided ineffective assistance because he (a) failed to more thoroughly investigate Petitioner's supervisor as an alternative suspect for the fraudulent transactions; (b) pressured Petitioner to plead guilty; and (c) refused to turn over the supervisor's statement to the government.  *See* ECF No. 57 at 4-5; ECF No. 73 at 1.  Petitioner believes that, if Attorney Abbott had provided competent assistance, there "would have been a different outcome, and [he] would not have agreed to the plea deal as it is." ECF No. 73 at 1.  For the reasons discussed below, Petitioner is not entitled to relief.

Relief "is generally available under [Section] 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). "In ruling on a motion under [Section] 2255, the district court is required to hold a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting 28 U.S.C. § 2255(b)). Ineffective assistance of counsel is a claim that may be raised through a § 2255 motion. *See United States v. Vallejo-Zamora*, 827 F. App'x 156, 156-57 (2d Cir. 2020) (summary order).

"To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense." *Estevez v. United States*, No. 19-CV-1362, 2020 WL 4462900, at *2 (D. Conn. Aug. 4, 2020) (internal quotation marks omitted). As to the prejudice prong, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding below would have been different." *Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009). "In order to satisfy the prejudice prong with respect to a claim focusing on a plea of guilty, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013).

Petitioner has failed to proffer sufficient evidence to demonstrate that, but for counsel's errors, he would have pleaded not guilty and insisted on going to trial. In his motion, Petitioner nowhere states that he would have insisted on proceeding to trial but for Attorney Abbott's errors; at most, he claims is that he "would not have agreed to the plea deal *as it is*." ECF No. 73 at 1 (emphasis added). Standing alone, that "critical omission" may doom his claim. *Aeid v. Bennett*,

3

296 F.3d 58, 64 (2d Cir. 2002); *see also Hill v. Lockhart*, 474 U.S. 52, 60 (1985) (no prejudice where petitioner failed to allege that, had counsel provided the correct information "about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial").[1]

Regardless, Petitioner presents no objective evidence that would make such a claim credible. *See Mitchell v. United States*, No. 14-CV-6350, 2020 WL 587883, at *6 (W.D.N.Y. Feb. 6, 2020) ("The Second Circuit generally requires some *objective evidence* other than defendant's assertions to establish prejudice."). The evidence against Petitioner was overwhelming. As the presentence investigation report described,[2] hotel management was able to connect the "specific [fraudulent] transactions at issue" to Petitioner because Petitioner was "shown *on hotel security video* at the Front Desk using the credit card processing system" at the times of the transactions. ECF No. 32 at 5-6 (emphasis added); *see also id.* at 6 ("[Petitioner] was seen taking debit or credit cards out of his wallet and putting them into the Front Desk Point-of-Sale (POS) device on multiple occasions for unknown reasons."). The refunded monies were credited to Petitioner's accounts. *See* ECF No. 32 at 5-8. During the scheme, Petitioner made multiple phone calls with his cell phone to Bank of America's customer service, identifying himself as other hotel employees. *See id.* at 8. During these calls, Petitioner attempted to obtain information about the fraudulent transactions. *See id.* at 8-9.

Moreover, throughout these criminal proceedings, Petitioner has repeatedly admitted his guilt. *See* ECF No. 33 at 12 (apologizing for his "criminal action"); ECF No. 60 at 8-9 (agreeing

---

[1] Petitioner might be arguing that he could have secured a better plea deal had he received effective assistance of counsel, not that he would have insisted on going to trial had he received effective assistance of counsel. If so, Petitioner's claim fails because he proffers nothing but "speculation" that he could have secured a better plea deal. *Anthoulis v. New York*, 586 F. App'x 790, 792 (2d Cir. 2014) (summary order); *see also Suarez v. United States*, No. 13-CV-2981, 2016 WL 3432464, at *5 (S.D.N.Y. June 16, 2016) ("Petitioner simply has not shown that a more favorable deal would have been offered by the government, and Petitioner's bald assertion that he was entitled to a better plea bargain is not a basis upon which habeas relief can be granted."). As discussed below, the evidence against Petitioner was overwhelming.

[2] At sentencing, Petitioner did not object to these cited portions of the presentence investigation report. *See* ECF Nos. 33, 61.

that, while working at the hotel, he used his personal debit card to engage in fraudulent transactions); ECF No. 61 at 23 ("That's why I just freely admit it, I admitted to everything, I admitted to it because I don't want to cause anymore time being spent on me for being here because of crimes that I committed."). Indeed, when Petitioner moved for compassionate release, he argued such relief was appropriate in part because he had taken "full responsibility for [his] action" and was "sincerely sorry for what [he] did." ECF No. 44 at 8.

Where, as here, "there is extensive evidence of his guilt, the petitioner must articulate a convincing basis on which he would have foregone the substantial benefit resulting from his plea and risked a harsher sentence following trial." *United States v. Deptula*, No. 10-CR-82, 2016 WL 7985815, at *9 (D. Vt. Oct. 13, 2016) (internal quotation marks omitted). At most, Petitioner appears to claim that, had Attorney Abbott more thoroughly investigated the supervisor, he could have proceeded to trial on the theory that the supervisor had engaged in the fraudulent transactions. *See* ECF No. 57 at 4-5; ECF No. 73 at 1. That theory is wholly implausible. Petitioner was caught on video using the POS devices at the times the transactions occurred; the refunded monies went to Petitioner, not his supervisor; and Petitioner made multiple phone calls to Bank of America about the fraudulent transactions. Petitioner's defense would be all the more unconvincing at trial because Petitioner had *previously* attempted to set up his supervisor: when the hotel began investigating the accounting discrepancies, Petitioner created an email account and sent emails to the hotel's human resources department, accusing the supervisor of, *inter alia*, "taking money from guests." ECF No. 32 at 6. Investigators were able to determine that the email account was linked to Petitioner's phone number. *See id.*

Because Petitioner has not raised a "viable trial defense" or "provided any persuasive reason for doubting the strength of the [G]overnment's case against him," it is not "reasonably probable" that, absent counsel's ineffective assistance, Petitioner would have "proceeded to trial

5

rather than plead guilty." *Glover v. United States*, No. 14-CV-8853, 2015 WL 11281553, at *5 (S.D.N.Y. Oct. 23, 2015). Therefore, Petitioner has not presented sufficient evidence of prejudice to warrant a hearing or justify relief, and his claims of ineffective assistance of counsel fail.

## CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate (ECF No. 57) is DENIED. Petitioner's request for an evidentiary hearing (ECF No. 73) is DENIED. Because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED. The Clerk of Court is directed to close the civil case associated with the petition (Case No. 6:21-CV-6635).

IT IS SO ORDERED.

Dated: January 30, 2023
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York